**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

SHELTER DISTRIBUTION, INC.                                                                                    PLAINTIFF

v.                                                                                                           NO. 3:05-CV-138-JDM

LOCAL 89 GENERAL DRIVERS,
WAREHOUSEMEN & HELPERS                                                                                       DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on cross-motions for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, which the parties agree present pure issues of law. The plaintiff, Shelter Distribution, Inc., seeks to enforce provisions of a collective bargaining agreement, under 29 U.S.C. § 185, specifically provisions that require indemnification against Shelter's "withdrawal liability" under 29 U.S.C. § 1399(b) and that require arbitration of any contractual disputes. The defendant labor organization, Local 89 General Drivers, Warehousemen & Helpers, categorically defends against enforcement on the primary ground that expiration of the collective bargaining agreement renders even executory provisions null and void or that, in the alternative, the dispute must be submitted to binding arbitration. Although Shelter would prefer this court to rule on the merits, it "stands ready to submit the merits of the matter to an arbitrator." (Docket no. 33 at p. 8.)

Before addressing the merits of the enforceability of the indemnification provision, therefore, the court must address the threshold issue whether the dispute itself is arbitrable. *See Litton Financial Printing Div. v. NLRB*, 401 U.S. 190, 208-09 (1991). The collective bargaining agreement at issue explicitly requires arbitration of disputes involving the interpretation of its

terms.[1]  As a general rule, a dispute in the post-contract period is presumptively arbitrable as long as the dispute "arises under" the collective bargaining agreement.  *Id*. at 205 (citing *Nolde Brothers, Inc. v. Bakery Workers*, 430 U.S. 243 (1977).  A dispute "arises under" a collective bargaining agreement if: (a) it involves facts and occurrences that arose before expiration; (b) an action taken after expiration infringes a right that accrued or vested under the agreement; or (c) "under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement."  *Id*. at 206.

The court concludes the parties' dispute is arbitrable.  Indemnification provisions *under normal contract principles* are executory in nature and the actual enforcement of the indemnity necessarily occurs after a potential liability arises.[2]  *See* 1 Williston on Contracts, § 1:19 (4th ed.); 42 C.J.S. Indemnity § 9 (May 2006).   Without analyzing the specific indemnification provision at issue, under the facts and circumstances in this case and in light of the specific policy underpinnings of applicable labor and federal pension law, the court holds the parties' dispute "arises under" the collective bargaining agreement.  The parties must, therefore, resolve their claims in federal, binding arbitration.  *See Litton*, 501 U.S. at 202-03 (stating that arbitrators, in addition to the courts, are principal sources of contract interpretation in matters of collective

---

[1] Section 10 of the collective bargaining agreement states, "Any disagreement under this Contract, ... and any question involving the interpretation of this Agreement which the Employer and the Union may be unable to settle shall be settled by Arbitration conducted by an Arbitrator mutually agreeable to the parties and appointed by and under the rules of the Federal Medication Service."  (Docket no. 28 at p. 10.)

[2] The court is cognizant that labor statutory law authorizes federal courts to fashion a "body of federal common law" for the enforcement of collective bargaining agreements.  *Litton*, 501 U.S. at 202-03 (citing the Labor Management Relations Act, 1947, 29 U.S.C. § 185).  Nevertheless, the parties acknowledge a dearth of authority on the enforceability of an agreement to indemnify against withdrawal liability under 29 U.S.C. § 1399(b), where as here, the liability can only arise upon expiration of the collective bargaining agreement – an expiration, according to Shelter, due to the labor union's voluntary termination of the agreement and disclaimer of any interest in continuing to act as the union representative of Shelter's employees.

bargaining agreements).

The court further rejects Shelter's argument that the labor union should be judicially estopped from asserting arbitration as an alternative defense because of its pre-litigation refusal to arbitrate the dispute. The defendant is entitled to take the position that the arbitration provision specifically is as equally unenforceable as the indemnification provision because of expiration of the contract. The defendant's categorical avoidance of the expired collective bargaining agreement, however, does not prevail at this juncture and this ruling will enforce the arbitration provision.

Accordingly, the court will grant, by separate order, the cross-motions for summary judgment in part and stay this action pending arbitration. The court will further deny Shelter's motion to strike the defendant's affirmative defense of binding arbitration.

DATE:

cc:  Counsel of Record